UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-109-FDW

| AJANAKU MURDOCK, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
|  | ) **ORDER** |
| D.C. MURRAY, | ) |
| CRYSTAL BEALE, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e) and 1915A, (Doc. No. 1).

## I. BACKGROUND

Pro se Plaintiff Ajanaku Murdock is a North Carolina state court inmate currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina, after having been convicted on September 6, 2013, of assault inflicting serious bodily injury and of attaining the status of habitual felon. Plaintiff is serving a sentence of 144 to 182 months of imprisonment.

Plaintiff filed this pro se action pursuant to 42 U.S.C. § 1983 on June 18, 2014, naming as Defendants "D.C. Murray," identified as a Statesville police officer; and Crystal Beale, identified as the assistant district attorney in Statesville who prosecuted Plaintiff on the charge of being a habitual felon and well as on other state criminal charges. See (Doc. No. 1 at 1; 2). Plaintiff alleges that Defendant Beale refused to honor Plaintiff's request for a speedy trial in prosecuting

a criminal charge filed against Plaintiff on June 19, 2011, for assault by strangulation, in violation of Plaintiff's Sixth Amendment right to a speedy trial. (Id. at 3; 8). Plaintiff also alleges that Defendant Beale "[z]ealously pursued a faulty gun charge." (Id. at 3). Defendant alleges that Defendant Beale's improper conduct resulted in the charge against Plaintiff for attaining the status of habitual felon. See (Id. at 8-9).

As to Defendant Murray, Plaintiff alleges that Murray and other police officers violated his Fourth Amendment rights when, on April 9, 2009, they conducted an unlawful search of Plaintiff's girlfriend's car, which resulted in an unlawful arrest and state criminal charges against Plaintiff for being a felon in possession of a firearm. (Id. at 5-7). Plaintiff alleges that the firearm charge was dismissed in 2012. (Id. at 7). Plaintiff states that he seeks nominal, compensatory, and punitive damages, as well as declaratory and injunctive relief. (Id. at 14-15).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such

as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, to the extent that Plaintiff is challenging his underlying state court conviction and consequent imprisonment for attaining the status of habitual felon, he has not alleged in his Complaint that his underlying conviction has been reversed or otherwise invalidated. Thus, any claim challenging Plaintiff's habitual felon conviction is barred by Heck. The Court further finds that, in addition to the Heck bar, Defendant Beale, as a district attorney, enjoys absolute prosecutorial immunity from suit. See

-3-

Imbler v. Pachtman, 424 U.S. 409 (1976).

Finally, the only allegations against Defendant Murray are allegations that he led or participated in an illegal search that resulted in charges against Plaintiff for felon in possession of a firearm, charges that were later dropped. Any claims against Defendant Murray for an illegal search and an unlawful arrest arose on April 9, 2009, when the alleged search occurred. Plaintiff filed this action more than three years later, on June 18, 2014. Plaintiff's claim against Defendant Murray is, therefore, barred by the applicable three-year statute of limitations. See Brooks v. City of Winston-Salem, 85 F.3d 178, 182 (4th Cir. 1996) (noting that North Carolina's three-year statute of limitations for personal injuries applied to unlawful arrest claims and stating that "[t]here is no question that on the day of his arrest [Plaintiff] knew or should have known both of the injury resulting from his allegedly illegal seizure and who was responsible for any injury.").

In sum, for the reasons stated herein, the Court will dismiss this action.

## IV. CONCLUSION

For the reasons stated herein, the Court dismisses this action.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED**.[1]

2. The Clerk is directed to terminate the case.

Signed: July 18, 2014

Frank D. Whitney
Chief United States District Judge

---

[1] To the extent Plaintiff is attempting to bring a claim challenging his conviction for attaining the status of habitual felon, because that particular claim is Heck-barred, the claim is dismissed without prejudice. All other claims are dismissed with prejudice.